**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| BEATTIE B. ASHMORE, IN HIS ) <br> CAPACITY AS COURT-APPOINTED ) <br> RECEIVER FOR RONNIE GENE ) <br> WILSON AND ATLANTIC BULLION & ) <br> COIN, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MELVIN AND MARILYN WHITE, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 8:16-cv-01045-JMC <br><br> **ORDER AND OPINION** |

Plaintiff, Beattie B. Ashmore, serving in his court-appointed capacity as a receiver, filed this action against Defendants Melvin and Marilyn White seeking monetary damages for unjust enrichment and violation of S.C. Code Ann. § 27-23-10 (2016) and/or Mass. Gen. Laws Ch. 109A § 1, *et seq.* resulting from Defendants' involvement in a fraudulent investment enterprise. (ECF No. 1.)

This matter is before the court on Plaintiff's Motion for Default Judgment (ECF No. 8). Defendants filed a letter response in opposition to Plaintiff's motion seeking to remove the Clerk's Entry of Default (ECF No. 7). (ECF No. 10.) For the reasons set forth herein, the court **DENIES** Plaintiff's Motion for Default Judgment (ECF No. 8) and **GRANTS** Defendants' Request to Remove the Clerk's Entry of Default (ECF No. 10).

### I.    RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff was appointed Receiver in *In Re Receiver*, 8:12-cv-02078-JMC (D.S.C. July 25, 2012). (ECF No. 1 at 1–2.) Plaintiff's receivership stems from the underlying criminal action,

1

*United States v. Wilson*, 8:12-cr-00320-JMC (D.S.C. Apr. 4, 2012), where Ronnie Gene Wilson ("Wilson") and Atlantic Bullion & Coin, Inc. ("AB&C") perpetrated a fraudulent investment scheme. (*Id.*) Certain individuals subject to the scheme profited from it, while others lost part or all of their investments. (ECF No. 1 at 3.)

Plaintiff seeks actual damages of $18,539.28, in addition to interest as allowed by law, consequential and incidental damages, and reasonable attorneys' fees to recover assets gained by Defendants in relation to the fraudulent investment scheme. (ECF No. 1 at 8.) Defendants failed to timely file an Answer to Plaintiff's Complaint and the Clerk of Court properly entered default as to Defendants on May 16, 2016. (ECF No. 7.) On May 17, 2016, Plaintiff filed a Motion for Default Judgment (ECF No. 8), to which Defendants responded, *pro se*, by letter (ECF No. 10).

Defendants request that the Clerk of Court's Default Entry be removed because Defendants do not believe that they are liable for the damages sought by Plaintiff. (ECF No. 10.) Defendants allege that their financial advisor directed them to a meeting where "a person talk[ed] about investing in silver." (*Id.*) After the meeting, Defendants gave their financial advisor $20,000 to invest in the company, which was likely AB&C. (*Id.*) Defendants' financial advisor provided them with statements indicating that their investment was doing well. (*Id.*) Defendants subsequently withdrew their funds and have since used the money to pay off their credit cards, car, and house, as well as to take a vacation. (*Id.*)

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 55(b) courts exercise discretion in the entry of a default judgment against a party. *Moore v. Google, Inc.*, 2:13-cv-3034, 2014 WL 4955264, at *3 (D.S.C. Sept. 30, 2014) (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421–22 (D. Md. 2005)). The Court of Appeals for the Fourth Circuit maintains a "strong policy" to decide cases on their merits.

*Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Default judgment, however, is still available where a party is "essentially unresponsive." *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).

Fed. R. Civ. P. 55(c) states that "[t]he court may set aside an entry of default for good cause." The disposition of motions under Fed. R. Civ. P. 55(c), "lies largely within the discretion of the trial judge." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). "[Fed. R. Civ. P.] 55(c) is liberally construed in favor of setting aside defaults because the law prefers adjudication on the merits to default judgment." *Campodonico v. Stonebreaker*, No. 4:15-cv-3373, 2016 WL 1064490, at *2 (D.S.C. Mar. 15, 2016) (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). The Fourth Circuit has articulated six factors for courts to consider in determining whether relief from an entry of default is appropriate under Fed. R. Civ. P. 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 203–04.

### III.    ANALYSIS

This court considers whether there is good cause to set aside the entry of default in the instant action. Here, at least four of the *Payne* factors weigh in favor of setting aside the entry of default. Although Defendants failed to timely file a response to Plaintiff's Complaint, they did promptly respond to Plaintiff's Motion for Default Judgment. (*See* ECF No. 10.) Because the instant action is at an early stage in litigation, any prejudice suffered by Plaintiff in setting aside

3

the Clerk's Default Entry is outweighed by the court's preference to settle matters on their merits.  There is also no evidence of a history of dilatory action by Defendants at this early stage of litigation.  Finally, there are certainly sanctions available that are less drastic than entering a default judgment against Defendants.  One such example of a less drastic sanction may include allowing Defendants a limited time to respond to Plaintiff's Complaint.

The remaining two factors, whether the moving party has a meritorious defense and the personal responsibility of the defaulting party, do not weigh clearly in Defendants' favor.  "A meritorious defense requires 'a proffer of evidence which, if believed, would permit either the court or the jury to find for the defaulting party.'"  *Campodonico*, No. 4:15-cv-3373, 2016 WL 1064490, at *2 (quoting *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)).  Here, Defendants argue that they should not be held liable in this matter because their financial advisor misled them.  (ECF No. 10.)  However, Defendants fail to provide legal authority for this proposition, therefore this court does not consider this factor to weigh in Defendants' favor. Defendants note that they do not have counsel in the instant action, however not retaining counsel and failing to file a responsive pleading are circumstances within Defendants' control. Accordingly, Defendants' personal responsibility appears to weigh against offering them relief from the Clerk's Default Entry.  *See, e.g.*, *id.* at *1–2 (discussing the defendant's failure to notify his attorney of the action and subsequent failure to file a responsive pleading as factors weighing against setting aside a default entry).

Because there are four factors that weigh in favor of relieving Defendants of the Clerk's Default Entry (ECF No. 7) and only two factors that weigh against relief, this court finds that there is good cause to set aside the entry and allow the instant action to proceed on its merits. Based on this analysis and because the Fourth Circuit prefers adjudications on the merits of a

case, this court did not give further consideration to Plaintiff's Motion for Default Judgment (ECF No. 8).

## IV.    CONCLUSION

For the reasons set forth above, this court **DENIES** Plaintiff's Motion for Default Judgment (ECF No. 8) and **GRANTS** Defendants' Request to Remove the Clerk's Entry of Default (ECF No. 10).  Defendants are ordered to respond to Plaintiff's Complaint (ECF No. 1) on or before July 27, 2016.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

July 6, 2016
Columbia, South Carolina